J-S14014-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DERRICK JERMAINE BOONE | : | |
| | : | |
| Appellant | : | No. 1652 MDA 2025 |

Appeal from the PCRA Order Entered October 31, 2025
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0001229-2015

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:　　　　　**FILED: JULY 16, 2026**

Derrick Booone appeals *pro se* from the order dismissing as untimely his serial petition filed pursuant to the Post Conviction Relief Act.  42 Pa.C.S.A. §§ 9541-9546.  We affirm.

This Court previously summarized the pertinent facts and procedural history as follows:

> On November 28, 2017, [Boone] pleaded guilty to voluntary manslaughter, aggravated assault, and persons not to possess firearms.  That same day, the trial court sentenced [Boone] to an aggregate term of incarceration of 12 to 30 years.  On December 12, 2017, the trial court filed an amended sentencing order that clarified the period for which [Boone] would receive credit for time served prior to the entry of his plea.  [Boone] did not file a motion for reconsideration of the sentence or a direct appeal from the judgment.

> On April 4, 2018, [Boone] filed, *pro se*, his first PCRA petition.  In the petition, [Boone] asserted that his guilty plea was not knowing, voluntary, and intelligent, that he was coerced into accepting the plea by his plea counsel despite his innocence, and that his plea counsel provided ineffective assistance of counsel.

The PCRA court appointed counsel to represent [Boone], and [Boone's] PCRA counsel subsequently filed a petition to withdraw as counsel and a no-merit letter pursuant to **Turner**/**Finley**. On December 31, 2018, the PCRA court entered an order granting PCRA counsel's petition to withdraw and notifying [Boone] of the court's intent to dismiss the PCRA petition without a hearing in 20 days pursuant to Rule of Criminal Procedure 907. [Boone] did not file a response to the Rule 907 notice, and on February 5, 2019, the PCRA court dismissed [Boone's] first PCRA petition. [Boone] did not appeal from this order.

On May 7, 2019, [Boone] filed, *pro se*, [another] PCRA petition. In his second petition, [Boone alleged] that there was an insufficient factual basis for his plea, he was induced into accepting the plea by his plea counsel despite his innocence, that his plea counsel provided ineffective assistance of counsel, and that his PCRA counsel was ineffective for failing to request an evidentiary hearing or file an appeal. On October 2, 2019, the PCRA court filed a Rule 907 notice of its intent to dismiss [Boone's] second PCRA petition without a hearing. [Boone] filed a *pro se* response to the Rule 907 notice on October 15, 2019. On November 4, 2019, the PCRA [court] entered an order dismissing the second PCRA petition as untimely.

**Commonwealth v. Boone**, 239 A.3d 48 (Pa. Super. 2020) (non-precedential decision at *1) (citations and footnote omitted). Boone appealed. On July 6, 2020, we affirmed the PCRA court's dismissal of Boone's second PCRA petition because it was untimely filed and Boone did not establish a time-bar exception. **Id.**

The PCRA court described the subsequent procedural history as follows:

In early December 2020, Boone submitted a motion for modification of sentence, which the court treated as a third PCRA petition. On December 23, 2020, Boone submitted a third PCRA petition. The claims in both petitions were substantially similar, if not identical. The court considered these two petitions as Boone's third PCRA petition and denied them as untimely.

On June 6, 2024, Boone filed a motion for modification of sentence in which he asserted that his aggravated assault

- 2 -

convictions should have merged with his conviction for voluntary manslaughter because [they] arose out of one continuous act (despite the fact that there were different victims for each offense). The court treated this motion as a PCRA petition and denied it as untimely.

On May 6, 2025, Boone filed his current, fifth PCRA petition. In this petition he challenges the legality of his sentence. He claims that his petition is timely because he received a partial disability decision from the VA in December of 2024, which indicated that he suffered from Post-Traumatic Stress Disorder (PTSD) as a result of his military service. He contends that this evidence constitutes a newly-discovered fact that would show mitigating circumstances pursuant to 42 P.S. §9711(e)(5) and duress pursuant to 18 Pa.C.S. §309.

Opinion and Order, 9/24/25, 2-3.

On September 24, 2025, the PCRA court issued a Criminal Rule 907 notice of its intent to dismiss Boone's fifth petition without a hearing. Boone filed a response. By order entered October 31, 2025, the PCRA court dismissed his petition without a hearing because it was untimely filed and Boone failed to plead and prove a time-bar exception. This appeal followed. Both Boone and the PCRA court complied with Appellate Rule 1925.[1]

Boone raises the following four issues on appeal:

1. Whether the PCRA court erred in dismissing the petition as untimely where [Boone's] December 2024 VA diagnosis of service-connected PTSD qualifies as a newly discovered fact under 42 Pa.C.S. § 9545(b)(1)(ii).

2. Whether the PCRA court erred in failing to hold an evidentiary hearing where the PTSD diagnosis materially affects [Boone's]

_____

[1] In its Rule 1925(a) opinion, the PCRA court stated that it would rely on its reasoning in its September 24, 2025 Rule 907 opinion and order, as well as its October 31, 2025 order denying Boone's petition.

mental state at the time of the offense and the voluntariness of his plea.

3. Whether the Commonwealth's acknowledgement that [Boone's] PTSD is evidence that would tend to prove his subjective belief establishes materiality warranting factual development.

4. Whether the PCRA court's refusal to apply due process and equitable principles to newly discovered evidence violates fundamental fairness under the Pennsylvania and U.S. Constitutions.

Boone's Brief at 5 (unnumbered).

We must first determine if the PCRA court correctly concluded that Boone's 2025 petition was untimely. Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final, unless the petition alleges, and the petitioner proves, that an exception to the time limitation for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[2]  A PCRA

_____

[2] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*(Footnote Continued Next Page)*

- 4 -

petitioner who wishes to invoke one of these statutory exceptions must file a petition within one year of the date the claims could have been presented. 42 Pa.C.S.A. § 9545(b)(2).  The petitioner must assert any exception to the time restriction in a PCRA petition; the petitioner may not raise an exception for the first time on appeal.  ***Commonwealth v. Furgess***, 149 A.3d 90 (Pa. Super. 2016).

Here, Boone's  judgment of sentence became final on January 11, 2018, thirty days after the time for filing a direct appeal to this Court from the amended  sentencing  order  expired.  ***See*** 42  Pa.C.S.A.  §  9545(b)(3). Therefore, Boone had until January 11, 2019, to file a timely petition.  Because Boone filed the PCRA petition at issue almost six years later, it is patently untimely, unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies.  ***See Hernandez***, ***supra***.

Boone has failed to plead and prove the applicability of any of the PCRA's time-bar exceptions.  As noted above, within his PCRA petition Boone asserted that newly-discovered evidence rendered his fifth petition timely.  With this claim, Boone attempted to establish the PCRA's timeliness exception found at section 9545(b)(1)(ii).

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence.  Due diligence

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered evidence claim.

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted).

In his brief, Boone asserts that the PCRA court erred in concluding that his petition was untimely and "that his PTSD diagnosis lacked relevance." Boone's Brief at 7 (unnumbered). According to Boone, the December 2024 VA determination "represents a newly discovered fact, an official government finding that [he] suffers from service-connected PTSD, directly linked to his mental state at the time of the offense and guilty plea." *Id.* Boone further asserts that he could not have ascertained these "facts earlier through due diligence because the VA did not recognize or diagnose his PTSD until decades after his service and years after his conviction." *Id.* Finally, Boone contends that the "Commonwealth's own acknowledgement that [his] PTSD diagnosis

- 6 -

is evidence that would tend to prove his subjective belief confirms the materiality of the evidence." ***Id.*** We disagree.

Here, in its Rule 907 opinion and order, the learned PCRA court concluded that Boone did not establish due diligence and, even if he had, the December 2024 VA determination did not establish a new "fact" regarding his guilty plea or his mental state in 2015. The court explained:

> [The newly-discovered-evidence] exception requires not only that the facts upon which the claim is predicated were unknown to the petitioner but also that those facts could not have been ascertained by the exercise of due diligence. Boone has not alleged any facts to show that he could not have discovered that he had PTSD prior to his [guilty plea]. Boone served in the military from June 30, 1994 to January 5, 2000. The incident giving rise to his charges occurred on April 25, 2015, more than fifteen years after he left the military.
>
> ***
>
> For these reasons, the court finds that Boone has not alleged sufficient facts to show that his petition is timely. Therefore, the court lacks jurisdiction to hold an evidentiary hearing or to grant Boone any relief.
>
> Even if the petition were timely, Boone would not be entitled to relief because his claims were waived or forfeited. To be eligible for relief, a petitioner must plead and prove that the claim was not previously litigated or waived. A claim is waived if the petitioner could have asserted it but failed to do so before trial, at trial, on appeal, or in a prior postconviction proceeding.
>
> Boone waived his claims that he was acting under duress by entering his guilty plea. Duress is a defense. When a defendant enters a guilty plea, he waives all defenses to charges.
>
> His claim that his sentence was illegal was lost or forfeited by failing to assert it in his first PCRA petition.

Even if Boone's claims are not untimely or waived, they lack merit. The VA decision does not establish that Boone was acting under duress on April 25, 2015. It only states that he is 50% disabled effective from August 3, 2023, more than eight years after the incident giving rise to his charges.

With respect to his sentencing claim that his PTSD would be admissible to show mitigating circumstances, 42 Pa.C.S.A. §9711(e)(5) does not apply to this case. Section 9711 only applies to sentencing proceedings for a first-degree murder conviction when a fact-finder is deciding whether to impose the death penalty. Boone was charged with first-degree murder, but that charge was dismissed when Boone entered his guilty plea and was sentenced for voluntary manslaughter and the related offenses. Additionally, the disability determinations was "50 percent effective August 3, 2023." As the VA determination does not indicate that Boone suffered from PTSD at the time of the incident or at the time of his guilty plea and sentencing, it does not show that his sentence is illegal.

Opinion and Order, 9/24/25, at 4-5 (citations omitted).

In its order denying Boone's fifth petition, the court further explained:

[Boone's] **partial disability** determination by [the] Veteran's Administration (VA) in December 2024 does not show that his current petition is timely or that [Boone] was unable to enter a knowing, voluntary, and intelligent guilty plea on November 28, 2017. [Boone] waived any claims and defenses regarding the charges when he entered his guilty plea. It also does not show his mental state on April 25, 2015, the date of the incident.

The court also notes that [Boone's] guilty plea was to voluntary manslaughter-unreasonable belief self-defense and related charges. Such a plea acknowledged that [Boone] subjectively believed that he was acting in self-defense but that his subjective belief was not reasonable under the circumstances where he used deadly force (a firearm) against an individual who was not armed with a deadly weapon and was not using deadly force against him. By amending the charges to include voluntary manslaughter and providing [Boone] with a plea offer to that charge, the Commonwealth was conceding that [Boone] had a subjective belief that he was in imminent danger of death or

- 8 -

serious bodily injury (despite evidence in the Commonwealth's possession to show that [Boone] had contacted another individual to bring him a gun prior to the confrontation between [Boone] and the victim, which supported the original murder charge). [Boone's] Post Traumatic Stress Disorder (PTSD) is evidence that would tend to prove that subjective belief. It does not show that his belief was reasonable under the circumstances of this case.

Order, 10/31/25, at 1-2 (citations omitted).

Our review of the record supports the PCRA court's conclusions. Initially, we note that, although Boone stated in his fifth petition that he felt "pressured" to enter his guilty plea, he did not assert that his plea was involuntary due to his PTSD "diagnosis." Rather he only claimed that, because plea counsel waived his right to a presentence investigation prior to sentencing, he was unable to present this disability as a mitigating factor.

Moreover, we agree with the PCRA court that the VA's December 2024 determination that he was fifty percent disabled did not establish as a "fact" that Boone had PTSD. In our view, this document presupposes an earlier diagnosis of the disability, and Boone proffered no medical evidence at to when, if ever, this diagnosis was made. Thus, as required by the exception, Boone cannot establish due diligence, and the document relied upon by Boone fails to establish a new "fact." Boone's failure to meet the requirements of this exception supports the PCRA court's decision to dismiss Boone's fifth petition without a hearing.

Finally, we agree with the Commonwealth that it never acknowledged the "materiality" of Boone's newly-discovered evidence. Rather, the PCRA court, when denying Boone's petition, mentioned that, by amending the

information to permit Boone to plead guilty to voluntary manslaughter, unreasonable belief, the Commonwealth took into account Boone's subjective belief that he had to resort to deadly force to defend himself.

In sum, Boone's fifth PCRA petition was patently untimely, and we lack jurisdiction to consider his issues further. **_Derrickson_**, **_supra_**. We therefore affirm the order denying Boone post-conviction relief.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/16/2026